UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-314-MOC
(3:95-cr-105-MOC-1)

| | |
|---|---|
| RYAN ONEIL LITTLE,          ) | |
| )
| Petitioner,     ) | |
| ) | |
| vs.                         ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.     ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Also pending is the Government's Motion to Dismiss, (Doc. No. 22).

## I.  BACKGROUND

On April 3, 1996, a jury convicted Petitioner of: conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 846 (Count One); murder in aid of racketeering activity and aiding and abetting the same by murdering Titus Tyrone Murphy and aiding and abetting in said murder under N.C. Gen. Stat. § 14-17, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; (Count Ten); using and carrying a firearm during a drug trafficking offense or a crime of violence, *i.e.* murder in aid of racketeering activity, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Eleven); using and carrying a firearm during a drug trafficking offense or a crime of violence, *i.e.* conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 18 U.S.C. § 924(c)(1) (Count Twelve); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Thirteen). (3:95-cr-105 ("CR") Doc. Nos. 1, 64). The Court sentenced Petitioner to two life sentences for Counts

1

One and Ten and 10 years' imprisonment for Count Thirteen, concurrent; and five years for Count Eleven and 20 years for Count Twelve, consecutive. (CR Doc. No. 75). On direct appeal Petitioner argued that: the evidence was insufficient to support his conviction of Count Ten; the sentence for Count One improperly included a cross-reference to first-degree murder; and the testimony of a cooperating witness was inadmissible. The Fourth Circuit affirmed, United States v. Little, 165 F.3d 912 (4th Cir. 1998) and, on March 22, 1999, the United States Supreme Court denied certiorari, Little v. United States, 526 U.S. 1030 (1999).

In 2001, Petitioner filed a § 2255 Motion to Vacate that was dismissed with prejudice as time-barred and this Court denied reconsideration, case number 3:01-cv-379. The Fourth Circuit dismissed Petitioner's appeal. United States v. Little, 123 F. App'x 113 (4th Cir. 2005).

On May 3, 2007, the Court entered an Amended Judgment to correct a restitution matter; the Judgment was otherwise unchanged. See (CR Doc. Nos. 97, 100).

Petitioner filed numerous requests for post-conviction relief which were unsuccessful, as were the related appeals. See, e.g., United States v. Little, 2011 WL 9156864 (W.D.N.C. July 22, 2011); United States v. Little, 455 F. App'x 315 (4th Cir. 2011); United States v. Little, 533 F. App'x 339 (4th Cir. 2013); United States v. Little, 2021 WL 1394858 (W.D.N.C. April 13, 2021).

Petitioner filed the instant Motion to Vacate after obtaining authorization from the Fourth Circuit to file a "second or successive" petition pursuant to 28 U.S.C. §§ 2244 and 2255(h). (Doc. No. 1-1). The *pro se* Motion to Vacate, docketed on June 9, 2016, challenges the § 924(c) conviction in Count Eleven pursuant to Johnson v. United States, 576 U.S. 591 (2015). (Doc. No. 1). Counsel appeared on Petitioner's behalf and filed a Supplemental Motion to Vacate on October 14, 2016, arguing: the conviction and five-year sentence for Count Eleven should be vacated because the predicate offense of aiding and abetting murder in aid of racketeering charged in Count

Ten is not a "crime of violence" under § 924(c)'s force clause; the Court lacked jurisdiction to convict or sentence Petitioner in Count Eleven because the Indictment fails to state an offense; and absent the § 924(c) conviction in Count Eleven, the offense charged in Count Twelve is not a "second or subsequent" conviction and the 20-year sentence is therefore invalid. (Doc. No. 5).

This case was stayed for several years pending developments in the case law. See (Doc. Nos. 8, 10, 12, 18, 20). On July 26, 2021, the United States filed a Motion to Dismiss, (Doc. No. 22), to which Petitioner has responded, (Doc. No. 23). The time to reply has expired and the matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

**(1)  Procedural Default**

The United States argues that the Petitioner's Motion to Vacate is procedurally defaulted

3

because he failed to raise his claims on direct appeal.

A § 2255 motion "may not do service for an appeal," and claims that should have been raised at trial or on appeal are procedurally defaulted unless an exception applies. United States v. Frady, 456 U.S. 152, 165 (1982). To overcome a procedural default, a petitioner must show either (1) "cause" and "actual prejudice" resulting from the errors complained of, or (2) that a "miscarriage of justice" would result from refusal to entertain the collateral attack. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing Frady, 456 U.S. at 167-68). "Cause" for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). "Actual prejudice" is shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To show that a "miscarriage of justice" would result from the court's failure to entertain the collateral attack, the movant must show "actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493.

Petitioner's § 2255 arguments are based on Johnson's holding that the Armed Career Criminal Act's residual clause is unconstitutionally vague. 576 U.S. at 591. The Supreme Court confirmed in United States v. Davis, 139 S.Ct. 2319 (2019) that § 924(c)(3)(B)'s residual clause is likewise unconstitutionally vague.

Assuming *arguendo* that Petitioner's § 924(c) challenge is sufficiently novel to constitute "cause," Petitioner has failed to show the necessary prejudice or actual innocence required to excuse any procedural default. Petitioner's conviction in Count Eleven is valid under § 924(c)'s force clause and thus his challenges to Count Eleven and, by extension, to Count Twelve, fail as a

4

matter of law. See Section (2), *infra*. Petitioner cannot show any likelihood that the outcome of the proceeding would have been more favorable absent the alleged error, nor can he establish actual innocence in light of the overwhelming evidence presented at trial. Petitioner's Motion to Vacate is therefore procedurally defaulted from § 2255 review and is subject to dismissal.

**(2)     Merits**

Even if Petitioner's Motion to Vacate were not procedurally defaulted from § 2255 review, it would be denied on the merits. Section 924(c) prohibits use or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). Under § 924(c), a crime is one of violence if it either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," (the "residual clause"). 18 U.S.C.A. § 924(c)(3)(A)-(B). In Davis, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. Therefore, in order for a § 924(c) conviction to remain valid, the predicate offense must qualify as a crime of violence under § 924(c)'s force clause. "Force," as used in § 924(c)'s "force clause," means "a substantial degree of force" that is "capable of causing physical pain or injury to another person." United States v. Evans, 848 F.3d 242, 245 (4th Cir. 2017); see also United States v. Battle, 927 F.3d 160, 166 (4th Cir. 2019) ("[A] crime requiring the 'intentional causation' of injury requires the use of physical force.") (quoting United States v. Castleman, 572 U.S. 157, 170 (2014)).

In determining whether an offense is a "crime of violence," courts employ either the categorical approach or the modified categorical approach. See Descamps v. United States, 570 U.S. 254, 258 (2013); United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019). The

categorical approach applies to "indivisible" statutes, those that set out a single set of elements defining the crime. United States v. Bryant, 949 F.3d 168, 172 (4th Cir. 2020). In applying that approach, a court must determine whether the elements of the crime of conviction "necessarily require the use, attempted use, or threatened use of force." Id. (citations and internal quotation marks omitted). The "modified categorical approach" applies to "divisible" statutes, those that list "potential offense elements in the alternative." Id. at 173 (quoting Descamps, 570 U.S. at 260, 262) (citation and internal quotation marks omitted). The focus is on the elements of the offense, not the specific conduct underlying the conviction. United States v. Simmons, __ F.4th __, 2021 WL 3744123, at *10 (4th Cir. Aug. 23, 2021); United States v. Cabrera-Umanzor, 728 F.3d 347, 350) (4th Cir. 2013). An offense is a crime of violence "only if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps, 570 U.S. at 257.

In the instant case, Count Eleven was predicated on murder in aid of racketeering in violation of the VICAR statute, 18 U.S.C. § 1959(a)(1) and murder in violation of North Carolina General Statutes § 14-17 as charged in Count Ten, that is:

> On or about October 28, 1993, in Charlotte, … Ryan O'Neil Little, … as consideration for the receipt of and as consideration for a promise and agreement to pay anything of pecuniary value from the enterprise, and for the purpose of maintaining and increasing position in the enterprise, which was engaged in racketeering activity … did unlawfully and knowingly murder Titus Tyrone Murphy, and did aid and abet others in said murder, in violation of the laws of North Carolina, that is, North Carolina General Statute Section 14-17, all in violation of Title 18 U.S. Code, Sections 1959(A)(1) and (2).

(CR Doc. No. 1 at 6); see also (CR Doc. No. 154 at 123).

Title 18 U.S.C. § 1959 imposes criminal penalties for committing violent crimes in aid of racketeering activity ("VICAR"). In general, "[t]he VICAR statute defines prohibited conduct by reference to enumerated federal offenses, but also requires that the conduct be 'in violation of the

6

laws of any State or the United States.'" United States v. Keene, 955 F.3d 391, 393 (4th Cir. 2020) (quoting 18 U.S.C. § 1959(a)). In other words, a VICAR conviction is premised upon the defendant's other federal and state criminal conduct.

Section 1959 does not define "murder" so the Court looks at the generic offense. The Court has no difficulty in concluding that generic murder is a "crime of violence" under the 924(c) force clause because "an act that results in death obviously requires 'physical force.'" United States v. Runyon, 994 F.3d 192, 202 (4th Cir. 2021) (conspiracy to commit murder for hire where death results in violation of 18 U.S.C. § 1958(a) is a crime of violence under § 924(c)'s force clause) (quoting In re Irby, 858 F.3d 231, 236 (4th Cir. 2017)); see Umana v. United States, 229 F.Supp.3d 388, 395 (W.D.N.C. 2017) (generic murder in aid of racketeering is a crime of violence under § 924(c)'s force clause).

General Statutes § 14-17 defines first and second-degree murder in North Carolina. Subsection (a) defines first-degree murder as "[a] murder which shall be perpetrated by means of ... lying in wait, imprisonment, starving, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration or attempted perpetration of any arson, rape or a sex offense, robbery, kidnapping, burglary, or other felony committed or attempted with the use of a deadly weapon shall be deemed to be murder in the first degree." N.C.G.S. § 14-17(a). Subsection (b) provides that, "[a] murder other than described in subsection (a) ... shall be deemed second degree murder." N.S.G.S. § 14-17. Although it appears that the North Carolina murder upon which the § 1959 offense was based was first-degree murder,[1] the Court will give Petitioner the benefit of the assumption that his predicate crime of violence was

---

[1] The Court instructed the jury on North Carolina first-degree murder. (CR Doc. No. 154 at 130-33).

based on the least culpable conduct of second-degree murder.

"North Carolina second-degree murder is 'the unlawful killing of a human being with malice but without premeditation and deliberation.'" United States v. Parrish, 767 F. App'x 440, 442 (4th Cir. 2019) (quoting State v. Thibodeaux, 352 N.C. 570, 532 S.E.2d 797, 806 (2000) (internal quotations omitted)). "[T]he element of malice in second-degree murder is provided by intentional conduct, [and] a defendant need only intend to commit the underlying act that results in death." Id. (quoting State v. Coble, 351 N.C. 448, 527 S.E.2d 45, 48 (2000)). "[U]nlawfully killing another human being requires the use of force capable of causing physical pain or injury to another person." In re Irby, 858 F.3d at 235 (internal quotation marks omitted). Because second-degree murder under § 14-17(b) requires the unlawful killing of a human being, it is violent. See Parrish, 767 F. App'x at 440 (finding that North Carolina second-degree murder is a crime of violence under U.S. Sentencing Guidelines § 4B1.2(a)). Therefore, murder in aid of racketeering in violation of § 1959(a)(1), based on North Carolina second-degree murder, is a crime of violence for purposes of § 924(c).[2] See Tomlin v. United States, 2021 WL 4073291 (W.D.N.C. Sept. 7, 2021) (finding that murder in aid of racketeering in violation of 18 U.S.C. § 1951(a)(1) based on second-degree murder is a crime of violence for purposes of § 924(c)); McDonald v. United States, 2021 WL 96465 (W.D.N.C. Jan. 1, 2021) (same); Ordonez-Vega v. United States, 2020 WL 7212582, at *6 (W.D.N.C. Dec. 7, 2020)(same); Umana, 229 F.Supp.3d at 388 (same). It is irrelevant that the Petitioner's conviction was for aiding and abetting VICAR murder because

---

[2] The result would be the same if Petitioner's predicate crime of violence was North Carolina first-degree murder. See Mathis, 932 F.3d at 265 (holding that because "[a] conviction for first-degree murder under Virginia law requires the 'willful, deliberate, and premeditated' killing of another," the crime of first-degree murder under Virginia law "qualifies categorically as a crime of violence under [§ 924(c)'s] force clause"); State v. Arrington, 336 N.C. 592, 419, 444 S.E.2d 418, 594 (1994) ("[f]irst-degree murder in North Carolina is the unlawful killing-with malice, premeditation and deliberation-of another human being.") (citations omitted).

"aiding and abetting a crime of violence is also categorically a crime of violence." See United States v. Ali, 991 F.3d 561, 573 (4th Cir. 2021).

Petitioner contends that murder fails to satisfy the force clause because it requires only extreme recklessness. Petitioner relies on Borden v. United States, 141 S.Ct. 1817, 1825 n.4, 1826 (2021), in which a plurality of the Supreme Court found that crimes with *mens rea* of mere recklessness do not qualify as violent felonies under ACCA because they do not require purposeful conduct. Petitioner's reliance on Borden is unavailing because the Supreme Court expressly declined to address "depraved heart" or "extreme recklessness" in its opinion. The Court concludes that murder requires *mens rea* that exceeds ordinary recklessness and satisfies the force clause. See Umana, 229 F.Supp.3d at 394-95 (discussing the *mens rea* for murder).

Therefore, Petitioner's conviction in Count Eleven was predicated on a crime of violence pursuant to § 924(c)'s force clause and Petitioner's Motion to Vacate fails on the merits. Petitioner's subclaims that are premised on the alleged defect in Count Ten, *i.e.*, that the Indictment failed to state an offense in Count Eleven and that Count Eleven's defect renders Count Twelve invalid, likewise fail. Petitioner's Motion to Vacate is therefore denied on the merits.

IV. **CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss, (Doc. No. 22), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

9

appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: September 29, 2021

Max O. Cogburn Jr.
United States District Judge